H. J. CHENEY CO. *v.* ALLGEO.

1. PROCESS— ARREST — CAPIAS AD RESPONDENDUM — AFFIDAVIT—
   TROVER AND CONVERSION.
   It was a sufficient ground for quashing a writ of *capias ad
   respondendum* for insufficiency of the affidavit where it al.
   leged that defendant bought and sold apples under contract
   with plaintiff who furnished funds, barrels, etc., for that
   purpose, defendant to share the profits or loss, that defendant
   sold certain car loads of apples, and secretly converted to his
   own use property of the plaintiff and profits arising there-
   from, and failed to account to plaintiff pursuant to their con-
   tract; since the allegations as to conversion were mere con-
   clusions and the affidavit failed to show that apples were sold
   without plaintiff's consent.

2. DISMISSAL AND NONSUIT—CAPIAS AD RESPONDENDUM—INSUFFI-
   CIENCY OF AFFIDAVIT.
   An action begun by capias should not be dismissed for insuffi-
   ciency of the affidavit; plaintiff should be allowed to proceed
   on the summons clause of the writ.

Error to Ionia; Davis, J.  Submitted February 8, 1911.
(Docket No. 141.)  Decided April 1, 1911.

Trover by H. J. Cheney Company against Charles E.
Allgeo, for the conversion of money, apples, and other
property of plaintiff.  An order quashing the writ of
*capias ad respondendum* and dismissing the action, is
reviewed by plaintiff on writ of error.  Modified and
affirmed.

*William J. Landman*, for appellant.

*Locke & Sheldon*, for appellee.

BLAIR, J.  Plaintiff prosecutes its writ of error in this
case to reverse the order of the circuit court quashing the
writ of *capias ad respondendum* by which the suit was

begun and dismissing the suit. The affidavits in support of the writ allege, in substance: that H. J. Cheney Company entered into a verbal agreement with said defendant, Charles E. Allgeo, by the terms of which said H. J. Cheney Company was to furnish said C. E. Allgeo with money with which to buy apples and with barrels and baskets to be used for containing and shipping said apples; that by the terms of said agreement the apples so purchased by said C. E. Allgeo were to be the property of said plaintiff and were to be sold by said C. E. Allgeo, with the consent of said plaintiff, for the highest price obtainable, and from the proceeds of such sales, after the deduction of the freight charges on the shipment thereof, said plaintiff was to receive the moneys which it had advanced to said C. E. Allgeo to be used for the purchase of said apples and the money which it had expended for the purchase of the baskets and barrels used for the retention and shipment of said apples and the money expended for freight and other charges for delivering said barrels and baskets to said C. E. Allgeo, and then said plaintiff and C. E. Allgeo were to equally divide any moneys that were left from such sales after the deduction above mentioned, including said C. E. Allgeo's actual expenses in buying and packing said apples; that by the terms of said agreement, if any sale of apples made under this agreement did not bring an amount sufficient to pay the freight and other charges thereon and the return of the moneys advanced thereon by said plaintiff, as above mentioned, the loss on said sale should be borne, in equal amounts, by said plaintiff and said C. E. Allgeo; that by the terms of said agreement said Charles E. Allgeo promised to inform said plaintiff, whenever a sale of apples was made, the name and address of the party to whom the sale was made, and the amount for which they were sold, and that said Charles E. Allgeo, for and in behalf of C. E. Allgeo & Co., would render to said plaintiff a proper account of the receipts and expenditures pertaining to each such sale,

and that prompt remittance of all moneys to be returned to said plaintiff and of all profits to which plaintiff was entitled by the terms of said contract would be made; that under this agreement plaintiff furnished to defendant barrels, baskets, and head-liners of the value of $405.06, upon which it received $123.55, and furnished cash to the amount of $415; that defendant sold one car of apples for $404.25, which he did not account for; that there was a profit of $90 made on this sale, of which one-half belonged to Allgeo; that a second car was sold by plaintiff at a loss of $101.94, for one-half of which Allgeo was liable; that Allgeo made cash payments amounting to $697.32; that a personal inspection of the records and books of the Pere Marquette Railway Company shows that, from October 9 to October 25, 1909, inclusive, defendant shipped several cars of apples to various persons; that there is now due plaintiff the sum of $409.41, being the value of barrels, baskets, head-liners, and apples—

"Which apples, barrels, baskets, and head-liners were wrongfully converted to the use of said Charles E. Allgeo, doing business as C. E. Allgeo & Co. (7) Deponent further says that said defendant, Charles E. Allgeo, told deponent, on or about November 15, 1909, that he did not then have in his possession or under his control the apples, barrels, head-liners, and baskets belonging to said plaintiff, and that they had been disposed of to other parties, and he had received the proceeds thereof, but he did not then have the moneys to reimburse said plaintiff for the goods so disposed of by him, and said defendant then and there admitted to deponent that the amount due said plaintiff for the goods so disposed of by defendant amounted to the said sum of four hundred nine and $\frac{41}{100}$ dollars ($409.41). Deponent further says that said defendant, Charles E. Allgeo, with intent to defraud said plaintiff, has secretly converted to his own use the apples, barrels, head-liners, and baskets belonging to said plaintiff, and the profits arising therefrom, and has sold said apples, barrels, baskets, and head-liners, and of which said sales said defendant has given plaintiff no information and from which it has received no returns, and that said defendant now refuses to account to, or to pay, said plaintiff for the goods

belonging to it and converted to the use of said defendant, as hereinbefore stated."

Plaintiff's attorney also made an affidavit stating from personal inspection of said railway books and records the cars shipped, and that defendant admitted that he owed said plaintiff the amount mentioned in the affidavit, namely, $409.41, and that the same was due for goods belonging to said plaintiff which had been disposed of by said defendant, that he did not then have the proceeds from the sale of such goods, although such proceeds have been received by him.

We are of the opinion that the court did not err in quashing the capias feature of the writ. By the terms of the agreement, defendant had a lawful right to sell the property with the consent of the plaintiff. There is no allegation in the affidavits that the property was disposed of without the consent of the plaintiff unless by the allegation of a fraudulent conversion or the statement in plaintiff's affidavit:

"And that said C. E. Allgeo & Co., and any one in behalf of said C. E. Allgeo & Co., has not notified or informed said plaintiff, or any one in its behalf, in regard to any other or further purchase, sales, or shipments of apples, other than above enumerated, although the records and books of the station agent of the Pere Marquette Railroad Company, at Clarksville aforesaid, which this deponent personally examined, show," etc.

The allegations as to conversion are mere conclusions and the allegation as to information as in the concluding paragraph of the affidavit naturally refers to the concluding clause of the agreement, "to inform said plaintiff whenever a sale of apples was made," etc. They are not sufficient allegations of want of consent. *Conrad* v. *Van Buren Circuit Judge*, 144 Mich. 492 (108 N. W. 347).

Among the exceptions to the order is the following:

"(7) Because said order is a final order by which plaintiff is deprived of its right to proceed against plaintiff on the summons clause of said writ."

The thirteenth assignment of error is as follows:

"(13) The court erred in making the order quashing said writ a final order, dismissing said cause."

We think this assignment is well founded, and that the right to proceed on the summons clause of the writ should have been permitted by the order.

As modified in this respect, the order is affirmed, without costs to either party.

OSTRANDER, C. J., and BIRD, BROOKE, and STONE, JJ., concurred.