GENROW *v.* FLYNN.

1. Attorney and Client — Contracts — Fees — Recovery of Money Paid to Attorney by Client.

Attorneys, employed to prosecute an action for a stipulated fee and a percentage of the proceeds, are entitled to the sum agreed upon when they have commenced proceedings, and, unless by reason of misconduct or neglect, where there is no showing that the services performed are worth less than that sum, cannot be deprived of their compensation.

2. Same—Breach of Contract—Principal and Agent.

Nor is it a breach of their contract to refuse to continue the action after receiving from the client a telegram unwarrantably charging them with deceit, falsehood and neglect.

3. Same.

Any conduct on the part of the client during the progress of the litigation that might tend to degrade or humiliate the attorneys furnishes sufficient cause for abandonment.

Error to Wayne; Mandell, J. Submitted June 16, 1911. ( Docket No. 86.) Decided July 5, 1911.

Assumpsit by Charles A. Genrow against William H. Flynn and F. J. R. Sevald, copartners as Flynn & Sevald, to recover back attorney's fees paid defendants. A judgment for defendants on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Samuel E. Jones,* for appellant.

*William C. Stuart,* for appellees.

Stone, J. This suit was brought to recover the sum of $325, which plaintiff claims to have paid to the defendants to bring and prosecute a suit to judgment in his behalf as hereinafter stated. It is the claim of the plaintiff that he paid this sum to the defendants, and that, although they instituted said suit, they failed to prosecute it, and he seeks to recover the entire sum paid to them.

The defendants were, and are, practicing attorneys at law in the city of Detroit. In the month of December, 1906, they were employed by the plaintiff to bring a suit for malpractice against a physician residing at Alpena. The plaintiff agreed to pay defendants a fee of $300, and a percentage of any judgment recovered, and also to employ local counsel at Alpena to assist in the preliminary work in the case. The defendants employed reputable counsel to assist them in the case, and paid him a retainer fee of $100. The defendants were to pay all costs except witness fees. The suit was duly commenced by summons in the Alpena circuit in December, 1906, and declaration filed and issue framed. The plaintiff insisted upon an amendment to the declaration charging the defendant in that suit with certain degrading acts. It was the opinion and judgment of the defendants and their counsel that such change should not be made in the declaration. Considerable correspondence was had between the plaintiff and defendants relating to such proposed amendment, and, finally, the defendants yielded and an amended declaration was filed. The plaintiff then insisted that a motion should be made to change the venue to some other county than Alpena. The first motion was denied for some matter not upon the merits. Another motion was made, which was denied August 22, 1907. It was then too late to notice the case for the September term of court. The next term of court commenced in December, 1907, and the defendants caused the case to be noticed for trial for the December term on November 15, 1907.

The relations between the plaintiff and the defendants were not altogether pleasant, as appear by the letters in the record written to the defendants from time to time by the plaintiff. On November 19, 1907, four days after the case was noticed for trial, the defendants received a lengthy telegram from the plaintiff containing the following language:

"You have deceived, lied, and neglected me in every possible way you could. I was a good fellow until you

got over three hundred dollars of my money.  *  *  *  I don't intend to stand your abuse any longer."

Thereupon defendants mailed to the plaintiff a blank form of substitution of attorneys signed by them, and withdrew from the suit.

It was the plaintiff's claim in this suit that he was entitled to recover of the defendants the entire sum paid to them or nothing; and the important question is whether or not the defendants were justified in treating the telegram above quoted as a dismissal and discharge, or a sufficient cause for withdrawal from the case.   We have read the record in the case, and are unable to find any evidence that the defendants had not, down to the time of receiving the telegram, done and performed their full duty to the plaintiff.   They had spent a number of weeks of labor in the case.   There is no evidence that the services performed by defendants were not worth all that they had received from the plaintiff.   But the claim of the plaintiff seems to be that, notwithstanding his conduct toward the defendants, they must either show a performance of the contract or return all of the money paid to them.   Upon the trial of the case the circuit judge directed a verdict and judgment for the defendants upon the ground that the conduct of the plaintiff was equivalent to a dismissal and discharge of his counsel, and that they were justified in not proceeding further with the case, and that the plaintiff, not having shown that he was entitled to recover the whole sum sued for, and, there being no evidence as to the value of the services the defendants actually rendered, was not entitled to recover in the suit.   There is only one assignment of error, which claims that the circuit judge erred in directing a verdict and judgment for the defendants.

The case is a very unusual one, and the authorities upon the exact subject are not numerous.   This court held in *City of Detroit* v. *Whittemore*, 27 Mich. 281, that the employment of counsel does not differ in its incidents, or in the rules which govern it, from the employment of an

agent in any other capacity or business. In that case Justice COOLEY said :

"An attorney employed to carry a suit through for an agreed sum has a vested right to the compensation when he accepts and begins the service; and he cannot be lawfully deprived of it except by his own consent, or through his own default or misconduct. If he is discharged from the employment before the service is completed, he may recover the whole sum,    *    *    *    because of the manifest impossibility of making an apportionment of the services and compensation, when the parties themselves by their contract expressly abstained from making any, and may in fact be said to have agreed that none should be made."

We are constrained to say that, under the undisputed evidence in the case, it was not a breach of duty or contract for the defendants to decline to proceed further under the circumstances. Certainly no reputable attorneys could continue in a case after the receipt of such a telegram from a client. We think that the plaintiff by his own act practically made it impossible for the defendants to perform their contract. Any conduct on the part of the client, during the progress of the litigation, which would tend to degrade or humiliate the attorney would furnish sufficient cause for abandonment. See 2 Clark & Skyles on Agency, pp. 1555, 1556; Weeks on Attorneys at Law, § 255, and cases cited. There are authorities to the effect that where the attorney has a justifiable cause for his abandonment, and if he has made a special contract with his client to perform the services for a certain fee, he may recover the whole amount of the fee in like manner as if his services had been completely performed; the cause of abandonment being considered as a prevention of full performance by the client. See 2 Clark & Skyles on Agency, *supra; Millard* v. *Jordan,* 76 Mich. 131 (42 N. W. 1085); *Moyer* v. *Cantieny,* 41 Minn. 242 (42 N. W. 1060); *Tenney* v. *Berger,* 93 N. Y. 524 (45 Am. Rep. 263); Weeks on Attorneys at Law, *supra;* 4 Cyc. p. 984, and cases cited.

The relations between attorney and counsel are of a del-

icate and confidential nature.  They should have faith in each other, and their relations should be such that they can cordially co-operate.  What is a sufficient cause to justify an attorney in abandoning a case in which he has been retained has not been laid down by any general rule, and in the nature of things cannot be; but where, as in this case, the plaintiff, even if he has any ground for communicating with his attorneys, instead of doing so by mail under the secrecy of the postal laws, seeks to degrade and humiliate them by sending a telegram in which he states that they have been guilty of falsehood and gross fraud and neglect, and that he does not intend to stand their abuse any longer, it must. be held that such conduct is equivalent to a discharge of his counsel, and a breaking off of the confidential and delicate relation theretofore existing between them.  Such conduct must result in the destruction of all faith in each other and render it impossible for them to further co-operate.

We think the circuit judge did not err in directing a verdict and judgment for the defendants, and the judgment below is affirmed.

OSTRANDER, C. J., and HOOKER, BROOKE, and BLAIR, JJ., concurred.