BASIC FOOD INDUSTRIES, INC. v TRAVIS, WARREN, NAYER &
BURGOYNE

1. Limitation of Actions—Malpractice—Negligence—Statutes.

An action based on malpractice by a state licensed person must
be brought within two years of the time when such person
discontinues treating or otherwise serving the plaintiff, or
within two years of the time when plaintiff discovers, or in the
exercise of reasonable diligence should have discovered, the
asserted malpractice, whichever is later (MCLA 600.5838,
600.5855).

2. Attorney and Client—Retainer—Duty.

Once an attorney accepts a retainer to represent a client, he is
obligated to exert his best efforts wholeheartedly to advance his
client's legitimate interests with fidelity and diligence until he
is relieved of that obligation either by his client or by a court.

3. Limitation of Actions—Malpractice—Negligence—Attorney
and Client—Statutes.

A plaintiff's malpractice action against a law partnership was
barred by the two-year statute of limitations where the action
was commenced over two years after the plaintiff had in-
structed the defendant to perform no further services for
plaintiff, even though the malpractice action was filed within
two years after the entry of a court order allowing the with-
drawal of the defendant attorneys in a suit which they had
filed on plaintiff's behalf (MCLA 600.5805[3], 600.5838).

Appeal from Wayne, Harry J. Dingeman, J.
Submitted Division 1 December 9, 1974, at Detroit.
(Docket No. 18900.) Decided April 24, 1975.

References for Points in Headnotes
[1, 3] 7 Am Jur 2d, Attorneys àt Law §§ 184–187.
What statute of limitations governs damage action against attorney
for negligence in performance of professional services. 49 ALR2d
1216.
[2] 7 Am Jur 2d, Attorneys at Law §§ 91, 93, 208.

Complaint by Basic Food Industries, Inc., against Travis, Warren, Nayer & Burgoyne and David L. Kaufman, for malpractice. From denial of their motion for accelerated judgment, defendants appeal by leave granted. Reversed and remanded.

*Leo Papp,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pederson, P. C.* (by *Charles T. McGorisk* and *Thomas P. Bingman, Jr.),* for defendants.

Before: BRONSON, P. J., and McGREGOR and CARLAND,* JJ.

McGREGOR, J. On October 6, 1972, plaintiff commenced this action against defendants, alleging attorney malpractice with respect to work performed during 1970. Defendants responded by moving for accelerated judgment, asserting that the claim was barred by the statute of limitations. The trial court denied this motion, ruling that the statute of limitations was inapplicable in this action; defendants filed a motion for rehearing of the denial which was also denied. Defendants bring this appeal on the denials upon leave granted by this Court.

Defendant attorneys were retained by plaintiff for the purpose of filing suit in plaintiff's behalf in another case in Wayne County Circuit Court. Early in August, 1970, defendants tendered a bill to the plaintiff for their fee in that matter; there was disagreement over this bill and, on August 16, 1970, the president of the plaintiff corporation offered to compromise the bill. At some time between August 19, 1970 and September 16, 1970,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

plaintiff's president stated, "After we got the bill from Mr. Kaufman, I told him to do no further work". On September 30, 1970, defendant attorneys filed a petition for withdrawal, of which a copy was sent by certified mail to Mr. Applestein, president of plaintiff corporation. The order of withdrawal was signed in Wayne County Circuit Court on October 9, 1970.

This Court is presented with the question of whether the trial court erred, in this attorney malpractice action, in ruling that the statute of limitations runs from the date of the court's order allowing the withdrawal of defendant attorneys, or from an earlier date, to wit: when the client discharges the attorney.

Defendants contend that the "last treatment" rule, as embodied in MCLA 600.5838; MSA 27A.5838, applies to this action; they contend that, because they concluded their representation of plaintiff prior to October 6, 1970, the two-year statute of limitations is applicable, since the suit was not filed by plaintiff until October 6, 1972. The date of the order of withdrawal, signed by the trial court on October 9, 1970, is not the date on which the statute should toll. No professional services were rendered by the defendant attorneys to the plaintiff during the two-year period immediately preceding the filing of the complaint in this action.

Defendants argue that there is a viable and sufficient distinction between "serving" and "having a duty to serve". MCLA 600.5838; MSA 27A.5838 does not contemplate a "duty to serve", but, rather, contemplates the active conduct of "serving". Defendants' services to the plaintiff included "research", "counselling the commencement of litigation", and "pursuing litigation" and were all rendered well before the presentation of

their bill on August 19, 1970—at the latest, some time prior to their petition for withdrawal, on September 30, 1970.

Plaintiff maintains that the two-year malpractice statute of limitations does not apply here, contending that the regular statute of limitations on negligence actions is applicable, which provides for a three-year limitation on tort actions not specified otherwise.

The problem is which date should control for the purpose of the tolling of the statute of limitations: the date when a client relieves his attorney of his professional obligation, or the date when the court officially issues an order for such relief. This Court can find no authority for assistance in resolving this question.

MCLA 600.2912; MSA 27A.2912 provides for a civil action for malpractice against persons holding themselves out to be members of a state licensed profession. MCLA 600.5805(3); MSA 27A.5805(3) provides that the statute of limitations in such an action is two years. MCLA 600.5838; MSA 27A.5838 governs when that action begins to run, by specifying that:

"A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession accrues at the time that person *discontinues treating or otherwise serving* the plaintiff in a professional or pseudo-professional capacity as to the matters out of which the claim for malpractice arose." (Emphasis added.)

The Michigan Supreme Court has held:

"[A]n action based on malpractice by a state licensed person must be brought within two years of the time when such person discontinues treating or otherwise

serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice, whichever is later." *Dyke v Richard,* 390 Mich 739, 747; 213 NW2d 185 (1973). See also *De Haan v Winter,* 258 Mich 293; 241 NW 923 (1932).

MCLA 600.5855; MSA 27A.5855 provides:

"If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations."

The crux of our deliberations must be the definition of the phrase "discontinues treating or otherwise serving" in the statute, MCLA 600.5838; MSA 27A.5838, as it applies to the lawyer-client relationship. When does a lawyer stop "otherwise serving" his client? This Court has stated:

"Once an attorney accepts a retainer to represent a client, he is obligated to exert his best efforts wholeheartedly to advance his client's legitimate interests with fidelity and diligence *until he is relieved of that obligation either by his client or by a court. State Bar of Michigan v Daggs,* 384 Mich 729 [187 NW2d 227] (1971)." *Hammond v Weiss,* 46 Mich App 717, 721; 208 NW2d 578 (1973). (Emphasis added.)

In the instant matter, the court officially relieved the defendants of their obligation on October 9, 1970, with the issue of the order of withdrawal, which had been requested by defendants

on September 30, 1970. However, the president of the plaintiff corporation testified that he had explicitly instructed the defendants that they were to perform no more services for plaintiff, and that this instruction was given some time between August 19, 1970, and September 16, 1970. Thus, defendants were relieved of their obligation to the plaintiff more than two years before the initiation of this malpractice action, on October 6, 1972.

While defendants may have had a duty to the trial court until October 9, 1970, they were forbidden by the plaintiff, at least by September 16, 1970, from undertaking any legal services and had thus satisfied the statute by discontinuing such professional capacity concerning the matters out of which this claim for malpractice arises.

The circuit court was correct in holding that:

"The case law in Michigan is *unclear* as to when an action *does* commence [sic] against an attorney for malpractice."

While the circuit judge certified the concise statement of proceedings and facts under GCR 1963, 806.3(3), defendants neglected to request and the trial court did not certify that the order involved a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, pursuant to GCR 1963, 806.(3)(1)(a)(ii).

The first issue presented by defendants in their motion for accelerated judgment has not been preserved on appeal, and the only issue considered here is the one concerning the applicability of the statute of limitations.

The result reached by the trial court would mean that the statute of limitations never begins to run until an attorney has entered an order of withdrawal, even if the last negligent service was well over two years before the negligence action was commenced, and even if the client had in fact discharged the attorney and forbidden him from rendering any further services well before the two-year period. The conflict in interpretation thus presented raises a question of first impression in Michigan.

Under the facts presented on appeal, defendant ceased serving the plaintiff when the defendants were instructed to perform no further work, at some time between August 19 and September 16, 1970, more than two years prior to the initiation of suit. Pursuant to MCLA 600.5838; MSA 27A.5838, this Court concludes that the trial court erred in denying defendants' motion for accelerated judgment.

The trial court's denial of defendants' motion for accelerated judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.