D. E. Holbrook, Jr., J.
 

 Plaintiffs appeal from a December 30, 1974, order of the trial court granting defendant’s motion for accelerated judgment and dismissing their malpractice complaint against defendant on the grounds that the statute of limitations had run.
 

 Defendant had been retained by plaintiffs to represent them in a personal injury action arising out of an automobile accident occurring on November 5, 1966. On November 3, 1969, defendant filed plaintiffs’ complaint against Eugene and Mary Williamson, the other parties involved in said accident. While the summons and complaint were in good faith placed in the hands of the sheriff for
 
 *378
 
 service within the 3-year statutory period, ultimate service did not occur until sometime after the statute of limitations had expired.
 

 On March 1, 1971, plaintiffs instituted an action against defendant herein claiming malpractice on the part of defendant in allowing the statute of limitations to run and in not making timely service of process thereby depriving them of their cause of action against the Williamsons. Defendant countered by filing a motion to dismiss predicated upon the existence of the negligence action and further upon the grounds that plaintiffs had failed to state a cause of action. Defendant’s motion was granted on October 11, 1972. On December 18, 1972, defendant was formally relieved as attorney for plaintiffs in the negligence action by a court order providing for substitution of counsel.
 

 On October 2, 1974, plaintiffs instituted the present malpractice action against the defendant repeating the allegation contained in their original complaint and adding numerous other grounds not contained in their original pleadings.
 

 An action based on malpractice by a state licensed person must be brought within 2 years of the time when such person discontinues treating or otherwise serving the plaintiff or within 2 years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should discover, the asserted malpractice, whichever is later.
 
 Dyke v Richard,
 
 390 Mich 739; 213 NW2d 185 (1973).
 

 Our review of the records in both malpractice cases leads us to conclude that all grounds asserted in those cases as constituting malpractice either were discovered by plaintiffs or should in the exercise of reasonable diligence have been discovered by the plaintiffs no later than the filing of the initial suit.
 

 
 *379
 
 The question then becomes when did the defendant discontinue serving the plaintiffs. Plaintiffs argue that the date of last service was December 18, 1972, when defendant was formally relieved as counsel for plaintiffs in the negligence action by a court order providing for substitution of counsel. Since the instant action was commenced on October 2, 1974, plaintiffs contend that the trial court reversibly erred in granting defendant’s motion for accelerated judgment arguing that their action was commenced well within the 2-year statutory period which they contend commenced December 18, 1972. If plaintiffs are correct they must prevail and we must reverse.
 

 It has been held that "last service” for the purpose of the statute, MCLA 600.5838; MSA 27A.5838, in legal malpractice cases occurs on the date on which the attorney is formally relieved by order of the court or the date on which the client has relieved the attorney of further obligation by virtue of discharging the attorney.
 
 Basic Food
 
 Industries,
 
 Inc v Travis, Warren, Nayer & Burgoyne,
 
 60 Mich App 492; 231 NW2d 466 (1975).
 

 The basis of the trial court’s granting of accelerated judgment was predicated on its opinion that by commencing the March 1, 1971, malpractice action plaintiffs in effect discharged defendant as their attorney. While there are no Michigan cases precisely on point we agree with the trial judge. In
 
 Genrow v Flynn,
 
 166 Mich 564; 131 NW 1115 (1911), where plaintiff sent a telegram to his attorneys which read, " 'You have deceived, lied, and neglected me in every possible way you could. I was a good fellow until you got over three hundred dollars of my money. * * * I don’t intend to stand your abuse any longer’ ”, the Michigan Supreme Court speaking through Mr. Justice Stone at page 568 stated:
 

 
 *380
 
 "What is sufficient cause to justify an attorney in abandoning a case in which he has been retained has not been laid down by any general rule, and in the nature of things cannot be; but where, as in this case, the plaintiff, even if he has any ground for communicating with his attorneys, instead of doing so by mail under the secrecy of the postal laws, seeks to degrade and humiliate them by sending a telegram in which he states that they have been guilty of falsehood and gross fraud and neglect, and that he does not intend to stand their abuse any longer, it must be held that such conduct is equivalent to a discharge of his counsel, and a breaking off of the confidential and delicate relation theretofore existing between them. Such conduct must result in the destruction of all faith in each other and render it impossible for them to further co-operate.”
 

 We can conceive of very little which would be more humiliating or degrading to an attorney than to have his client sue him for malpractice. As was held in
 
 Genrow v Flynn, supra,
 
 we find such conduct must result in the destruction of all faith in each other and render it impossible for them to further co-operate. We therefore hold that the institution of the initial málpractice action was equivalent to a discharge of defendant as plaintiffs’ attorney. Defendant’s "last service” for the purpose of commencing the running of the statute was therefore March 1, 1971. Since the instant suit was not commenced until October 2, 1974, the statute of limitations applicable to malpractice actions had run and the trial court was correct in granting defendant’s motion for accelerated judgment.
 

 While not argued by either counsel we feel compelled to discuss one remaining difficulty with this case. That has to do with the tolling of the statute of limitations from the time of service of the complaint in the first action until dismissal in those situations where the initial suit is dismissed
 
 *381
 
 on a procedural shortcoming rather than on the merits.
 
 Reich v State Highway Commission,
 
 43 Mich App 284; 204 NW2d 226 (1972). Suffice it to say that a motion to dismiss for failure to state a claim must be asserted by motion for summary judgment under GCR 1963, 117. See
 
 Pompey v General Motors Corp,
 
 385 Mich 537, 563; 189 NW2d 243 (1971). Hence we treat defendant’s motion to dismiss as being one for summary judgment and the trial court’s order granting same as an order granting summary judgment. Since the entry of summary judgment under GCR 1963, 117 is not procedural but goes to the merits,
 
 Pompey v General Motors Corp, supra
 
 at 563, the principle enunciated in
 
 Reich v State Highway Commission, supra,
 
 does not apply.
 

 Even if we were to hold that
 
 Reich v State Highway Commission, supra,
 
 is applicable, here the plaintiffs never had a cause of action against defendant for the reasons set forth in their initial complaint.
 
 [1]
 
 Since plaintiffs have not been denied their day in court defendant could in no way be guilty of malpractice on the grounds alleged in the initial complaint. Nor will the commencement of the first suit toll the statute of limitations as to the remaining grounds alleged in the present suit since such grounds were not asserted in the first suit.
 

 The trial court was therefore correct in granting defendant’s motion for accelerated judgment in the instant case.
 

 Affirmed. Costs to appellee.
 

 [1]
 

 On August 14, 1974, the trial court granted a motion for accelerated judgment filed by the Williamsons on the grounds that the statute of limitations for negligence actions had expired and that service had not been duly made. The trial court’s granting of such motion was reversed by this Court in an unpublished per curiam opinion dated March 26, 1976, in
 
 Berry v Williamson,
 
 Docket No. 22651, wherein this Court remanded same to the trial court for trial.