BIBERSTINE v WOODWORTH

OPINION OF THE COURT

1. LIMITATION OF ACTIONS—MALPRACTICE—STATE LICENSED PERSON—
   LAST TREATMENT—DISCOVERY OF MALPRACTICE.

   An action based on malpractice by a state licensed person must
   be brought within two years of the time when such person
   discontinues treating or otherwise serving the plaintiff, or
   within two years of the time when the plaintiff discovers, or in
   the exercise of reasonable diligence should have discovered, the
   asserted malpractice, whichever is later (MCLA 600.5805[3],
   600.5838; MSA 27A.5805[3], 27A.5838).

2. LIMITATION OF ACTIONS—MALPRACTICE—BANKRUPTCY—ATTORNEY
   AND CLIENT—FAILURE TO SCHEDULE DEBT—ACCRUAL OF CAUSE
   OF ACTION.

   A cause of action by a client against his attorney for malpractice
   arising from inaction or delay accrues for the purpose of the
   statute of limitations at the time when it can be said that the
   attorney has had a reasonable time to act but has failed to do
   so; therefore, in a malpractice action by a client against his
   attorney based on the attorney's failure to schedule a certain
   debt in a bankruptcy proceeding, the alleged malpractice occur-
   red when the attorney failed to schedule the debt within a
   reasonable time after having been requested to do so by his
   client.

3. ATTORNEY AND CLIENT—ATTORNEY MALPRACTICE—BANKRUPTCY—
   FAILURE TO SCHEDULE DEBT—ACCRUAL OF ACTION—JURY QUES-
   TION.

   The issues of whether an attorney's failure to schedule a certain

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 7 Am Jur 2d, Attorneys at Law §§ 184–187.

What statute of limitations governs damage action against attorney
for negligence in performance of professional services. 49 ALR2d
1216.

When statute of limitations begins to run upon action against
attorney for malpractice. 18 ALR3d 978.

[3] 7 Am Jur 2d, Attorneys at Law § 189.

debt in his client's bankruptcy action constituted malpractice and the date upon which the alleged malpractice occurred are both questions of fact to be resolved by the trier of fact.

CONCURRENCE BY R. B. BURNS, J.

4. LIMITATION OF ACTIONS—ATTORNEY AND CLIENT—MALPRACTICE—
     BANKRUPTCY—FAILURE TO SCHEDULE DEBT—ACCRUAL OF CAUSE
     OF ACTION.

The statute of limitations for a malpractice suit based on an attorney's failure in his client's bankruptcy proceeding to schedule a certain debt as requested by the client should start to run at the time the client was discharged in bankruptcy, because until then the attorney could have petitioned the bankruptcy court to amend the bankruptcy petition and plaintiff would not have had a claim for malpractice.

Appeal from Huron, Paul R. Mahinske, J. Submitted October 19, 1977, at Detroit. (Docket No. 31073.) Decided March 7, 1978. Leave to appeal applied for.

Complaint by Crane M. Biberstine against James F. Woodworth for damages for malpractice. Accelerated judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Keller & Katkowsky, P. C.,* for plaintiff.

*Woodworth & Woodworth,* for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and W. R. BROWN,* JJ.

PER CURIAM. This case involves a claim of attorney malpractice. The circuit court granted accelerated judgment, GCR 1963, 116.1(5), after it found that the applicable statute of limitations had run. Plaintiff appeals, we reverse.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff retained defendant to file a personal bankruptcy in 1970. The original petition was filed in the bankruptcy court on March 17, 1971, and amended on April 19, 1971. Neither petition scheduled a debt owed by plaintiff to the Michigan Motor Vehicle Accident Claims Fund. Plaintiff attempted several times to have defendant schedule this debt, including filing a request for investigation with the State Bar Grievance Board on November 22, 1971. Plaintiff received his discharge of bankruptcy on September 25, 1972, which did not include the debt to the Michigan Motor Vehicle Accident Claims Fund. This suit was filed December 26, 1973.

Both parties agree that the applicable statute of limitations is two years, MCLA 600.5805(3); MSA 27A.5805(3), and that the accrual of the claim is governed by MCLA 600.5838; MSA 27A.5838 before its amendment by 1975 PA 142. In dealing with the statutes, the Supreme Court in *Dyke v Richard*, 390 Mich 739, 747; 213 NW2d 185 (1973), held:

"an action based on malpractice by a state licensed person must be brought within two years of the time when such person discontinues treating or otherwise serving the plaintiff, or within two years of the time when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the asserted malpractice, whichever is later."

Applying this standard, the circuit court held the last date of service to be April 19, 1971 (when the bankruptcy petition was amended) and the date of plaintiff's knowledge of the asserted malpractice to be November 22, 1971 (the date of filing the request for investigation with the State Bar).

We deem it necessary to discuss only the second

question;[1] when did plaintiff discover, or in the exercise of reasonable diligence should he have discovered, the asserted malpractice?

In reaching the conclusion that plaintiff was aware of the possible malpractice more than two years before the complaint was filed, the circuit court relied on a portion of the request for investigation in which plaintiff stated, "I'm making payments to the state that an attorney from the state told me the bankruptcy would eliminate, or I should be able, if my attorney couldn't figure it out to take action against the attorney for malpractice."

To decide the issue it is necessary to determine what the *asserted* malpractice consisted of. Plaintiff claims it was failure to amend the petition in bankruptcy to include the debt before discharge on September 25, 1972. This would be within the applicable period of limitations. Without deciding that failure to schedule the debt was malpractice, the amendment would have required leave of the bankruptcy court under General Order 11 in effect at that time, we hold that whether plaintiff could have discovered the asserted malpractice before the two year limitations period is a question of fact to be decided by the trier of fact.

The asserted malpractice is not an action which occurred on a specific date, but rather, an omission to take an action before a certain date. In Anno: *When Statute of Limitations Begins to Run Upon Action Against Attorney for Malpractice,* 18 ALR3d 978, pp 1002–1003, two possible rules for handling this type of situation are analyzed. Under the first, the statute of limitations begins to run when the asserted malpractice results in in-

---

[1] For recent cases dealing with the question of last date of service, see *Basic Food Industries, Inc v Travis, Warren, Nayer and Burgoyne,* 60 Mich App 492; 231 NW2d 466 (1975), *Berry v Zisman,* 70 Mich App 376; 245 NW2d 758 (1976).

jury. Here, that would be, as plaintiff argues, the date of his discharge in bankruptcy. Adoption of this rule would bring an amount of certainty and ease of application to the law.

We think the other choice presents a better balancing of the interests of all involved, however. We hold that where the negligence of the attorney consists of delay or inaction, a client's cause of action accrues for the purpose of the statute of limitations at the time when it can be said that the attorney has had a reasonable time to act but has failed to do so.

In other words, we conclude that the malpractice, if it was malpractice, occurred when defendant failed to schedule the debt within a reasonable time after having been requested to do so by his client.[2] Whether this was malpractice and the date upon which it occurred are both questions of fact to be resolved by the trier of fact. See, *Tumey v Detroit*, 316 Mich 400; 25 NW2d 571 (1947), GCR 1963, 116.3. The trial court erred in ruling that plaintiff's claim was barred by the statute of limitations on the basis of the present record.

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to plaintiff.

R. B. Burns, J. *(concurring in result).* I concur in the results reached by my brothers, but write separately because in my opinion the statute of limitations should start to run at the time the plaintiff was discharged in bankruptcy. Until then the defendant could have petitioned the bankruptcy court to amend the petition and plaintiff would not have had a claim for malpractice.

---

[2] In his request for investigation, plaintiff also stated, "I want Mr. Woodworth to either file the amendments and do the job for me—or return the $335 I have paid him and let me obtain other counsel." This seems to indicate that plaintiff was still willing to have defendant act for him if he did so within a reasonable time.