## SAM v BALARDO

Docket No. 30138. Submitted January 18, 1978, at Detroit.—Decided
August 7, 1978. Leave to appeal applied for.

Plaintiff Willie J. Sam sued defendant Marilynn J. Balardo
alleging legal malpractice. The Wayne Circuit Court, William
L. Cahalan, J., entered a judgment of no cause of action
pursuant to a jury verdict. Plaintiff appeals alleging error in
the jury instruction on a two-year statute of limitations. *Held:*

The applicable statute of limitations in actions alleging legal
malpractice is two years.

Affirmed.

M. F. CAVANAGH, J., dissents. He would hold that the "mal-
practice" statute of limitations applies only to medical malprac-
tice and that the general three-year statute limiting "actions to
recover damages for injuries to persons and property" applies
to actions for legal malpractice.

### OPINION OF THE COURT

1. LIMITATION OF ACTIONS—STATUTES—MALPRACTICE—LEGAL MAL-
   PRACTICE.
   The statute limiting actions "charging malpractice" to two years
   applies to legal as well as medical malpractice (MCL
   600.5805[3]; MSA 27A.5805[3]).

### DISSENT BY M. F. CAVANAGH, J.

2. LIMITATION OF ACTIONS—STATUTES—MALPRACTICE—MEDICAL MAL-
   PRACTICE—LEGAL MALPRACTICE.
   *The statute limiting actions "charging malpractice" to two years*

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Attorneys at Law §§ 184, 185.
61 Am Jur 2d, Physicians and Surgeons § 181.
What statute of limitations governs damage action against attorney
for negligence in performance of professional services. 49 ALR2d
1216.
Statute of limitations applicable to malpractice action against
physician, surgeon, dentist, or similar practitioner. 80 ALR2d
320.

*applies only to medical malpractice; actions for legal malpractice are limited by the statute providing for a three-year limit for "all other actions to recover damages for injuries to persons and property" (MCL 600.5803[3], 600.5805[7]; MSA 27A.5805[3], 27A.5805[7]).*

*Myron F. Poe,* for plaintiff.

*M. J. Balardo, in propria persona.*

Before: T. M. BURNS, P. J., and M. F. CAVANAGH and D. C. RILEY, JJ.

D. C. RILEY, J. This matter involves the applicable statute of limitations for an action alleging legal malpractice. Plaintiff appeals from the jury's verdict of no cause of action, arguing that the trial court erred in instructing the jury on a two-year statute of limitations.

The dissent quite comprehensively states the legal rationale in favor of a holding that the two-year limit of MCL 600.5805(3); MSA 27A.5805(3), applies both to medical and legal malpractice. In fact, we will not try to improve upon the dissent's discussion of the statutory evolution and the accompanying case law, and in particular the reasoning with which the dissent analyzes the Supreme Court's decision in *Kambas v St Joseph's Mercy Hospital of Detroit,* 389 Mich 249; 205 NW2d 431 (1973).

The dissent, however, somewhat abruptly changes direction and concludes, based upon a Committee Comment to the Revised Judicature Act and Judge (now Justice) LEVIN's dissent in this Court's *Kambas*[1] decision, that the two-year statute of limitations applies only to medical malprac-

---

[1] 33 Mich App 127; 189 NW2d 879 (1971).

tice, leaving legal malpractice under the general tort limitation of three years.

We cannot agree with this conclusion for a number of reasons. First, we find it relevant (although Judge LEVIN would disagree) that the term "malpractice of physicians, surgeons or dentists" in 1915 CL 12323(3), was altered in MCL 600.5805(3); MSA 27A.5805(3), to read merely "malpractice".

Second, the case law, as pointed out by the dissent, uniformly employs the two-year statute of limitations for legal malpractice.

Third, as Judge LEVIN pointed out in his *Kambas* dissent, states such as New York and Ohio, which have laws similar to Michigan's in that the term "malpractice" is used but never specifically defined, include both legal and medical malpractice under their "malpractice" statutes of limitations. *Kambas v St Joseph's Mercy Hospital of Detroit*, 33 Mich App 127, 138–139; 189 NW2d 879 (1971).

Finally, and most importantly, we do not agree with the dissent that the Committee Comment is an "explicit" statement of legislative intent. The Comment merely states that "[e]xisting time periods have been used". There are two possible interpretations of this phrase. The dissent asserts that the Comment means that every cause of action existing prior to the Revised Judicature Act retains the same applicable statute of limitations subsequent to the new law. We read the Comment to refer solely to the fact that, for example, the "malpractice" statutory period remains at two years. We do not find that the Comment precludes a concurrent finding that the Legislature expanded the set of causes of action that constitute "malpractice".

The result reached by the dissent, while reasonably supported by its reading of the Committee Comment, is inconsistent with plain common sense. To, on one hand, define an action against an attorney for his or her breach of professional standards as malpractice, while, on the other hand, exempt such an action from a statute of limitations expressly applicable to "actions charging malpractice", does little but add confusion, uncertainty, and a sense of absurdity about the law to both the legal community and the general public. This problem is even more apparent now that the Legislature, in response to the Supreme Court's *Kambas* decision, has amended MCL 600.5838; MSA 27A.5838, to allow for "malpractice" actions against nurses, physical therapists, and various other occupations. We find it untenable that legal malpractice, a cause of action long-recognized in Michigan, does not have the same statute of limitations as applied to these recently created malpractice actions.

Affirmed. No costs.

T. M. BURNS, P. J., concurred.

M. F. CAVANAGH, J. *(dissenting).* Plaintiff sued defendant for legal malpractice. The jury returned a verdict of no cause of action, and plaintiff appeals, assigning error in the court's instructions.

Plaintiff contends that the court erred by instructing the jury to apply a two-year statute of limitations to plaintiff's claim. Plaintiff asserts that the proper period of limitations is three years. The statutes in question are these:

"Sec. 5805. No person may bring or maintain any action to recover damages for injuries to persons or property unless, after the claim first accrued to himself

or to someone through whom he claims, he commences the action within the periods of time prescribed by this section.

\* \* \*

"(3) The period of limitations is 2 years for actions charging malpractice.

\* \* \*

"(7) The period of limitations is 3 years for all other actions to recover damages for injuries to persons and property." MCLA 600.5805; MSA 27A.5805.

Defendant argues that the two-year statute "for actions charging malpractice" is clearly appropriate for an action based on legal malpractice.

At least three decisions from this Court have assumed that the limitations period on a claim for legal malpractice is two years. See *Biberstine v Woodworth,* 81 Mich App 705; 265 NW2d 797 (1978), *Berry v Zisman,* 70 Mich App 376, 378; 245 NW2d 758, 759 (1976), *Corley v Logan,* 35 Mich App 199, 202; 192 NW2d 319, 321 (1971). One case may be read as so holding. *Basic Food Industries, Inc v Travis, Warren, Nayer & Burgoyne,* 60 Mich App 492, 495; 231 NW2d 466, 467 (1975).

The assumption is plausible, in light of the statute's plain wording.[1] Moreover, construing the statute to hold a meaning more limited than its language would seem to run afoul of the rule that,

"A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for

---

[1] The word "malpractice" has long been used to describe an attorney's misfeasance or nonfeasance of professional duty. This was ordinary usage at common law. See *National Savings Bank v Ward,* 100 US 195, 198; 25 L Ed 621, 622 (1879). Our statutes have likewise long employed this term *(See, e.g.,* 1857 CL 4016 ["Any Attorney, Solicitor or Counsellor * * * may be removed or suspended, who shall be guilty of any deceit, malpractice, crime or misdemeanor * * * "]), as have the decisions of our Supreme Court. *See In the Matter of Mills, an Attorney,* 1 Mich 392, 393–394; (1850).

itself, and any attempt to make it clearer is a vain labor and tends only to obscurity." *City of Lansing v Twp of Lansing,* 356 Mich 641, 649; 97 NW2d 804, 809 (1959). (Citation omitted.)

The legislative history of malpractice actions also lends some support to the conclusion that the two-year limitations period applies.

The common law permitted actions for legal malpractice[2] as well as for medical malpractice.[3] The Legislature very early provided that these actions could be initiated by civil arrest on the writ of *capias ad respondendum.*[4] *The statute of limitations on these actions was six years.*[5]

These limitation periods were modified by the Judicature Act of 1915. That act provided a three-year period for "[a]ctions to recover damages for injuries to person or property". 1915 CL 12323(2). A shorter, two-year period was provided for malpractice, but it was limited to the "malpractice of physicians, surgeons or dentists". 1915 CL 12323(3).

---

[2] *See National Savings Bank v Ward, supra,* n 1.

[3] *Leslie v Mollica,* 236 Mich 610, 614; 211 NW 267 (1926). 61 Am Jur 2d, Physicians, Surgeons, and Other Healers, § 106, pp 224–226.

[4] 1857 CL 4119:

"Sec. 13. Personal actions arising upon contract, express or implied, may be commenced by *capias ad respondendum* only to recover damages for * * * misconduct or neglect * * * in any professional employment * * * ."

*Capias ad respondendum* was one of two original writs then available, the other being summons. 1857 CL 4112. A writ of *capias* was served by the sheriff's arresting the defendant. 1857 CL 4118. A defendant so arrested was to be held until he executed a bond with sufficient sureties. 1857 CL 4118, 4123. *Capias* was to issue only where plaintiff made and attached to the writ an affidavit that he had a claim for damages in excess of one hundred dollars on the cause of action stated in the writ. 1857 CL 4119. Where the affidavit was found insufficient, the plaintiff was held entitled to proceed on the summons clause of the writ. *H J Cheney Co v Allgeo,* 165 Mich 384; 130 NW 593 (1911).

[5] 1857 CL 5361.

These provisions remained unchanged until passage of the Revised Judicature Act in 1961.[6] That act, quoted at the outset of this opinion, dropped the language limiting the malpractice statute to physicians, surgeons or dentists. The general three-year statute for injuries to persons or property remained unchanged.

The act, and parallel court rule revisions, also rewrote the procedures for initiation of malpractice suits. The writ of *capias ad respondendum* was abolished,[7] all suits were to be commenced by filing a complaint,[8] and summons succeeded *capias* as the process to be served on the defendant.[9] The statute authorizing use of *capias* for initiation of a malpractice suit was repealed with abolition of the writ, leaving the common law as the exclusive source for rights of action for legal and medical malpractice.[10]

Viewing these several revisions as an interrelated whole, it might reasonably be inferred that the abolition of the special procedures for malpractice suits, and the apparent broadening of the medical malpractice statute of limitations, were parts of a general plan for simplification and consolidation of the laws relating to the malpractice of both professions. This interpretation is strengthened by the simultaneous revision of the statute authorizing malpractice actions against charlatans, which was extended to include actions "against any person professing or holding himself

---

[6] 1961 PA 236.

[7] MCL 600.1815; MSA 27A.1815.

[8] MCL 600.1901; MSA 27A.1901. *See also* GCR 1963, 101.

[9] MCL 600.1905; MSA 27A.1905. *See also* GCR 1963, 102.

[10] MCL 600.2912; MSA 27A.2912 has been construed to apply *only* to the empiric. *Kambas v St Joseph's Mercy Hospital of Detroit,* 389 Mich 249, 253; 205 NW2d 431, 434 (1973), *Leslie v Mollica, supra,* n 3.

out to be a member of a state licensed profession".[11]

However, plaintiff contends that this construction is untenable in light of the Supreme Court's decision in *Kambas v St Joseph's Mercy Hospital of Detroit,* 389 Mich 249; 205 NW2d 431 (1973). In *Kambas* the Supreme Court held that the malpractice statute of limitations did not apply to an action charging negligence of registered nurses in the performance of their duties. The Court followed two related lines of analysis to this conclusion.

The Court first rejected the argument that § 2912 of the Revised Judicature Act[12] had created a malpractice action against nurses. Noting that nurses could not previously be sued for malpractice, the Court concluded that there was no present authority for such a suit, and hence the malpractice statute of limitations was inapplicable.

The Court's analysis then focused on the malpractice statute of limitations itself. Quoting extensively from a decision by the Ohio Supreme Court which had construed the similar Ohio statute,[13] the Court found no indication of legislative intent to alter the common law definition of malpractice, and therefore presumed that the Legislature had intended the statute to protect only those groups traditionally associated with malpractice. The Court found that nurses were not such a group. The Court then stated that a professional such as a physician is required to exercise his independent judgment on such matters as diagno-

[11] MCL 600.2912; MSA 27A.2912. The predecessor of this statute, as codified at 1871 CL 6198, applied only to a person "professing or holding himself out to be a physician or surgeon".

[12] *Ibid.*

[13] *Richardson v Good Samaritan Hospital,* 176 Ohio St 370; 199 NE2d 878 (1964).

sis and prescription, and that these areas present
the greatest risk of unwarranted claims. The Court
concluded that this distinction made it reasonable
to enact a shorter statute of limitations for physi-
cians than for nurses. Finding the presumed intent
reasonable, the Court construed the malpractice
statute of limitations in accord therewith, *i.e.,* as
excluding nurses, and declared:

"The defendant's suggestion that the action of the
Legislature in enacting §§ 2912 and 5838, using the
words 'a member of a state licensed profession,' indi-
cated an intent to extend the benefit of the short
malpractice limitation of § 5805 to additional profes-
sions other than those originally encompassed by the
Judicature Act of 1915 is unfounded." 389 Mich, at 254;
205 NW2d, at 434.[14]

Plaintiff cites this language as establishing that
legal malpractice, which was not within the pur-
view of the 1915 malpractice statute, is likewise
outside its successor. There are, however, several
reasons to question plaintiff's reading of *Kambas.*

First, the issue before the Court in *Kambas* was
whether the statute applied to nurses, not whether
it applied to attorneys. Therefore the quoted lan-
guage cannot be taken as a holding that attorneys
are without the statute. Although the Court did
address itself to legislative history and the purpose
behind the Judicature Act's revisions, it might
well have used less sweeping language had it
considered the history of legal malpractice actions
and their place in the revised statutory scheme.

---

[14] MCL 600.5838; MSA 27A.5838 provides:
"A claim based on the malpractice of a person who is, or holds
himself out to be, a member of a state licensed profession accrues at
the time that person discontinues treating or otherwise serving the
plaintiff in a professional or pseudo-professional capacity as to the
matters out of which the claim for malpractice arose."

Second, the *Kambas* analysis which produced the conclusion that nurses are not covered by the short malpractice statute yields a different result when applied to attorneys. Unlike nurses, attorneys were and continue to be liable at common law for their malpractice. Like physicians, attorneys are required to exercise independent judgment as to what course of action will best serve their clients' interests.

Finally, Ohio, whose approach to the *Kambas* issue our Supreme Court found so "persuasively appropriate",[15] applies its short malpractice statute to actions against attorneys. *Galloway v Hood,* 69 Ohio App 278; 43 NE2d 631 (1941).

These points give us serious pause to doubt plaintiff's interpretation of *Kambas.* However, plaintiff buttresses his argument by reference to Judge (now Justice) LEVIN's dissenting opinion in this Court's decision of the *Kambas* case. *Kambas v St Joseph's Mercy Hospital of Detroit,* 33 Mich App 127; 189 NW2d 879 (1971). In that case the majority of this Court held that the two-year statute did apply to an action charging negligence of a registered nurse in the performance of her duties. On the basis of a Committee Comment by the limitations statute's draftsmen, the dissent made an argument most relevant to the instant case:

"The Revised Judicature Act was drafted by the Joint Committee on Michigan Procedural Revision appointed pursuant to resolutions of the Supreme Court, the Legislature, and the State Bar of Michigan. The committee's final report was transmitted on November 15, 1959; the committee note for § 5805 comments as follows:

" 'Section [5805] is a *compilation* of the limitations of

---

[15] 389 Mich at 254; 205 NW2d at 434.

the general tort remedies. *Existing time periods have
been used.*' (Emphasis supplied.)[4]

"The 'existing time period' (under the Judicature Act
of 1915) for malpractice actions against persons other
than physicians, surgeons, or dentists was three years.
We should therefore ascribe to the word 'malpractice,'
as used in RJA § 5805, a meaning consistent with the
representation of the draftsmen to the Supreme Court,
the Legislature, and the profession, namely, that 'mal-
practice,' as used in § 5805, means actions charging
malpractice against physicians, surgeons, or dentists."
33 Mich App, at 134; 189 NW2d, at 882.

---

"[4] Reprinted as an annotation to MCLA § 600.5805 (Stat Ann 1962
Rev § 27A.5805)."


If it was truly the Legislature's intent to use
existing time periods, and we have here an explicit
statement that it was, then it must follow that
legal malpractice is not encompassed by the two-
year malpractice statute of limitations. Though I
can well understand how the trial court in the
case at bar came to a contrary conclusion, I am of
the opinion that this was error. Accordingly, I vote
to reverse the judgment of the lower court and
remand this case for retrial. I will consider the
majority's reasons for disagreement in their order
of presentation.

The majority would find it relevant that the
term "malpractice of physicians, surgeons or den-
tists" in the Judicature Act of 1915 became simply
"malpractice" in the Revised Judicature Act. Pre-
sumably its relevance is support for an inference
of legislative intent. The inference strikes me as
weak, in light of the direct statement to the con-
trary in the Committee Comment to the Revised
Act.

As the majority notes, the cases have "uniformly
employ[ed]" the two-year statute. The majority

omits to mention that none of those cases has given a reasoned explanation for this employment. I do not believe that the past, erroneous assumptions of this Court are reason to abdicate our duty to give effect to the Legislature's intent.

Further, that Ohio and New York include legal malpractice within their "malpractice" statutes of limitation does not aid us in giving effect to the differing intent of the Michigan Legislature.

Finally, though concededly "reasonably supported", the majority finds the result I would reach "inconsistent with plain common sense", and productive of "confusion, uncertainty, and a sense of absurdity". The majority finds it "untenable" that a veteran cause of action like legal malpractice should not enjoy the same early retirement as newcomers like nurses' malpractice. The Legislature, however, when it drafted the Judicature Act of 1915, did not find it untenable to create a statute of limitations for medical malpractice which was shorter than that for legal malpractice, and the Revised Act's draftsmen tell us that nothing has changed. Apparently "common sense", in the view of our Legislature, did not compel a reduction in attorneys' liability for their mistakes. That we might find a different view preferable creates no license in us to thwart the Legislature's determination.