HI Z. CARR, Doing Business as CAR BUYING OFFICE, Respondent, v. JOSEPH LIPSHIE et al., Copartners Doing Business as JOSEPH LIPSHIE ASSOCIATES, Appellants.

First Department, June 25, 1959.

*Boris Kostelanetz* of counsel (*Thomas F. Ryan* with him on the brief; *Corcoran, Kostelanetz & Gladstone,* attorneys), **for** appellants.

*Jerome S. Rubin* of counsel (*Nathan H. Gates,* attorney), for respondent.

*Per Curiam.* The defendants appeal from an order denying their motion to dismiss portions of the complaint as being barred by the Statute of Limitations.

The action, instituted by the plaintiff who conducts buying offices, is against a firm of accountants. The parties entered into a retainer agreement on or about May 1, 1950, for services to be rendered for the balance of the year, but terminable at will. In January, 1951, another agreement was made for the same services on an annual basis, and it was renewed or renegotiated for the years 1952, 1953, and 1954.

The action was commenced on January 30, 1957, and the complaint therein contains 13 causes of action, of which all but the seventh are attacked. The question for decision is whether the complaint is based on breach of contract or tort and, therefore, whether the three- or six-year statute applies.

The plaintiff contends, and the learned Justice at Special Term held, that the action is for breaches of contract and of warranty. The order directs the service of an amended complaint limited to transactions that occurred after January 30, 1951.

There is no question that where a plaintiff has several remedies available to him, arising from the same transaction or incident, he may select the form of remedy to pursue, and the fact that one may be statutorily barred does not affect his right to avail himself of others (*Dentists' Supply Co.* v. *Cornelius,* 281 App. Div. 306, affd. 306 N. Y. 624; 1 Wood, Limitations [4th ed.], § 57b). Therefore, when the remedy of an action for breach of contract or warranty coexists with an action grounded in tort, a plaintiff may exercise his option.

In seeking to sustain the order, the plaintiff relies principally on *Blessington* v. *McCrory Stores Corp.* (305 N. Y. 140) and *Dentists' Supply Co.* v. *Cornelius* (*supra*). The *Blessington* case was concerned with the question as to whether an action for a breach of an implied warranty of fitness for use was barred by the three-year Statute of Limitations. The Court of Appeals, in holding it was not, said (p. 147): " although such a breach of duty may rest upon, or be associated with, a tortious act, it is independent of negligence ". *Dentists' Supply* involved the right of the plaintiff to sue for conversion of his property or in quasi-contract on the theory that he ratified the transfer of the goods as if it were a sale. Both cases, therefore, are inapposite here. The rationale inherent in them does not apply to the facts as pleaded in the complaint under consideration.

Turning to the complaint, we find that the plaintiff alleges that the "services agreed to be performed * * * were such accounting services as are customarily performed by an independent auditor * * *. It was understood by the parties that all of the services to be performed by defendants were to be in accordance with generally accepted standards of good accounting practice." With regard to false entries charged to have been made by plaintiff's bookkeeper, it is alleged that "none of which were discovered by defendants and reported to plaintiff." In addition, such terms are used as " defendants would exercise proficiency and due care" that they would perform these duties "in accordance with generally accepted accounting principles."

Although it is claimed that the action is one for breach of contract, we must conclude that the wrong complained of is tortious and nothing else. It is the general rule that in " applying the Statute of Limitations we look for the reality, and the essence of the action and not its mere name." (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259, 264; *Gottfried* v. *Gottfried*, 269 App. Div. 413.) The rule was more recently applied in a cause of action against a lawyer arising out of his retainer to perform legal services (*Glens Falls Ins. Co.* v. *Reynolds*, 3 A D 2d 686), and in an action, allegedly *ex contractu*, against a hospital for failure to use care in providing competent nurses (*Gautieri* v. *New Rochelle Hosp. Assn.*, 4 A D 2d 874).

This case falls within the orbit of those involving some form of malpractice by those engaged in one of the professions. Actions for breach of contract have been sustained where a specific result is guaranteed by the terms of the agreement, but not where the contracting party either expressly or impliedly promises to perform services of the standard generally followed in the profession or promises to use due care in the performance of the services to be rendered. The pleading herein does not allege a promise to accomplish a definite result as, for example, in *Robins* v. *Finestone* (308 N. Y. 543). It merely states that the defendants would perform the services with due care and in accordance with the recognized and accepted practices of the profession.

The order should be modified to dismiss the causes of action involved in this appeal accruing before January 30, 1954 and, as modified, it should be affirmed, with costs to appellants and with leave to serve an amended complaint.

RABIN, J. P., M. M. FRANK, VALENTE, McNALLY and BERGAN, JJ., concur.

Order unanimously modified to dismiss the causes of action involved in this appeal accruing before January 30, 1954, and, as so modified, affirmed, with costs to appellants and with leave to serve an amended complaint.

Settle order on notice.