**Roy D. ATKINS, Appellant,**

v.

**Robert E. CROSLAND, Appellee.**

**No. 16761.**

Court of Civil Appeals of Texas.

Fort Worth.

July 1, 1966.

Rehearing Denied Sept. 16, 1966.

Rawlings, Sayers, Scurlock & Eidson, and Lloyd Scurlock, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Cravens & Scarborough, and Robert A. Watson, Fort Worth, for appellee.

OPINION

RENFRO, Justice.

Appeal from a summary judgment for defendant.

Plaintiff's petition alleged that he was in the business of operating filling stations as a sole proprietor, his method of operation was to purchase gasoline on credit, sell it to his customers, then pay his creditors with the proceeds of the sales; toward the end of 1958 plaintiff employed defendant as an independent accountant; his duties included, among other things, preparation of plaintiff's income tax returns. In performing this function defendant relied upon the cash receipts and disbursements method of accounting; this method

failed to show plaintiff's inventories and was therefore improper; defendant should have used an accrual method of accounting for purchases and sales; that defendant's choice of accounting methods increased plaintiff's tax liability for 1960 by several thousand dollars; that defendant was guilty of negligence (a) in originally adopting the cash receipts and disbursements method, (b) in failing to obtain the permission of the Commissioner of Internal Revenue to change the method for 1960, and (c) in failing to warn plaintiff of his tax problem in time for plaintiff to pay off his accounts payable prior to the end of the 1960 tax year; that plaintiff is entitled to indemnity for the excess cost to plaintiff.

Defendant plead the two year statute of limitation, setting out that plaintiff's pleading shows that any claim plaintiff might have had was barred as of December 31, 1962, and suit was not filed until September 30, 1963.

Motion for summary judgment filed by defendant plead that suit was filed more than two years after the most recent possible date of alleged negligence on the part of defendant. An accompanying affidavit set out that defendant was a certified public accountant, practicing as an independent contractor; that his employment by plaintiff was in that capacity under an oral contract solely for the preparation of tax returns and books of account.

Plaintiff answered the motion for summary judment by alleging that his suit was one for indemnity, hence the statute of limitation did not begin to run until plaintiff paid the excess taxes caused by defendant's negligence, or until the excess taxes were assessed against plaintiff by the Commissioner of Internal Revenue.

Judgment was entered for defendant.

Plaintiff appealed on two points of error: (1) Plaintiff's cause of action against his accountant, whose negligence caused plaintiff to incur unnecessary tax liability, did not accrue until that liability was assessed and there was no evidence that this occurred more than two years before suit was filed; and (2) suit is for indemnity; therefore his cause of action accrued on payment of that liability to the Government, and there was no evidence that payment was made more than two years before suit was filed.

There was no pleading or proof of fraud or concealment.

■ We are convinced that the pleadings and record before the trial court show conclusively that plaintiff's action is one based on defendant's ,alleged negligence, and not on indemnity.

■ Accountants, a skilled professional class, are subject generally to the same rules of liability for negligence in the practice of their profession as are members of other skilled professions and are held liable for damages to clients resulting from malpractice in actions founded both on contract and tort. Bancroft v. Indemnity Insurance Co., 203 F.Supp. 49 (W.D.La., 1962), affirmed 309 F.2d 959 (U.S.Ct. of App., 5th Cir., 1962).

■ Ordinarily the standard of care applicable to the conduct of auditors or public accountants is the same as that applied to lawyers, doctors, and other professional men engaged in furnishing skilled services for compensation. 54 A.L.R.2d 316.

The general rule is that certified public accountants constitute a skilled professional class and are subject generally to the same rules of liability in the practice of their profession as are other skilled professions. 1 Tex.Jur.2d 259, § 20.

Where an attorney is guilty of negligence or breach of duty in performing services for his client, the client's cause of action accrues and the statute of limitation begins to run at the time when the negligence or breach of duty occurs. Crawford v. Davis, Tex.Civ.App., 148 S.W.2d 905 (Eastland 1941, no writ hist.). The cause

of action against a surgeon accrues at the time the act of negligence occurs and the two year statute of limitation applies. Carrell v. Denton, 138 Tex. 145, 157 S.W.2d 878 (1942); Stewart v. Janes, Tex.Civ. App., 393 S.W.2d 428 (Amarillo, 1965, ref.); Wright v. Bida, Tex.Civ.App., 359 S.W.2d 661 (Fort Worth, 1962, no writ hist.).

Since the same rules apply to accountants, plaintiff's cause of action was barred by Art. 5526, Vernon's Ann.Civ.St.

Affirmed.