DENNIS v ROBBINS FUNERAL HOME

Docket No. 78753. Argued May 5, 1987 (Calendar No. 10). Decided
    August 24, 1987.

James F. Dennis, Jr., brought an action in the Van Buren Circuit
    Court against the Robbins Funeral Home and its owner, Lee
    Miller, alleging negligence, negligent infliction of emotional
    distress, and intentional infliction of emotional distress as a
    result of the partially prepared manner in which the body of
    his wife was offered for viewing by himself and his family. The
    court, Meyer Warshawsky, J., granted accelerated judgment for
    the defendants on the grounds that a two-year statute of
    limitations applied and that evidence of the plaintiff's assertion
    of insanity did not rise to the level of proof necessary to toll the
    statute. The Court of Appeals, R. B. Burns, P.J., and R. M.
    Maher and Kingsley, JJ., reversed and remanded for further
    proceedings in an unpublished opinion per curiam, finding that
    the funeral director is a member of a state-licensed profession,
    that the suit was for malpractice, and that the limitation
    period is two years, but that the plaintiff had raised an issue of
    fact with regard to whether his insanity tolled the statute of
    limitations (Docket No. 82917). The plaintiff appeals.

    In a unanimous opinion by Justice ARCHER, the Supreme
    Court *held:*

    A person engaged in mortuary science is practicing a profes-
    sion, but that profession is not among those included within the
    two-year malpractice statute of limitations. Rather, the three-
    year period of limitation for recovery of damages for the death
    of a person or for injuries to a person or property is applicable.

    1. The period of limitation for professional malpractice is two
    years. Because "malpractice" is not defined in the Revised
    Judicature Act, the definition must be determined by resort to
    the common law. Actions alleging malpractice against funeral
    homes or funeral directors were not recognized at common law;
    thus, it could not have been intended that such actions be

REFERENCES

Am Jur 2d, Funeral Directors and Embalmers §§ 3 *et seq.*
See the annotations in the Index to Annotations under Funerals
    and Funeral Directors; Malpractice.

included within the meaning of malpractice as used in MCL 600.5805(4); MSA 27A.5805(4). Although a person engaged in mortuary science by statutory definition is practicing a profession, it is not a profession intended to be included within the malpractice statute of limitations.

2. In this case, the complaint sounded in negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. Aside from malpractice, for all other actions to recover damages for the death of a person, or for injury to a person or property, the period of limitation is three years. Thus, the three-year period of limitation is the proper limitation period for this action.

Reversed and remanded.

FUNERAL HOMES AND FUNERAL DIRECTORS — LIMITATION OF ACTIONS — MALPRACTICE.

A person engaged in mortuary science is practicing a profession, but that profession is not among those included within the two-year malpractice statute of limitations; rather, the three-year period of limitation for recovery of damages for the death of a person or for injuries to a person or property is applicable (MCL 339.1801[a], 600.5805[4], [8]; MSA 18.425[1801][a], 27A.5805[4], [8]).

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Douglas A. Merrow* and *Frank J. DeFrancesco*), for the plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert E. Attmore*) for the defendants.

Amicus Curiae:

*Butzbaugh & Ryan* (by *John E. Dewane* and *Randall L. Juergensen*) for Herbert E. Hass, P.C.

ARCHER, J. There are two issues in this case. The first issue is whether the two-year period of limitation, MCL 600.5805(4); MSA 27A.5805(4), is applicable to a funeral home and its director. The second issue is whether the lower courts improperly granted accelerated judgment on the basis of

the two-year period of limitation where the complaint alleged negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress.

We hold that the lower courts erred in applying a two-year period of limitation. We also hold that the cause of action is subject to a three-year period of limitation.

### I. FACTS

Plaintiff James F. Dennis, Jr., filed suit on July 31, 1984, in Van Buren Circuit Court seeking damages which resulted from the alleged misconduct of the defendants. According to the complaint, Mrs. Molly Dennis, plaintiff's wife, died on May 28, 1982, at Borgess Hospital in Kalamazoo. On the same day, plaintiff and defendants made an oral agreement that the funeral home was to prepare Mrs. Dennis' body for cremation. According to the agreement, the defen- dant funeral director, Lee Miller, then obtained Mrs. Dennis' body from the hospital and took it to his funeral home, which he owns and operates.

The plaintiff also alleged that the defendants called the plaintiff and his family for a final viewing and had plaintiffs view the body in a partially prepared state. According to the pleadings, the body and table were littered with instruments and naked limbs were hanging into a large, grimy sink. As a result of this viewing, plaintiff alleged that he suffered severe mental anguish.

Defendants moved for accelerated judgment, claiming that plaintiff was barred by a two-year statute of limitations, MCL 600.5805(4); MSA 27A.5805(4). Responding to defendant's motion, plaintiff relied on a tolling provision, MCL 600.5851(1); MSA 27A.5851(1), claiming that he

was insane at the time his claim accrued and, therefore, the time for bringing his action was extended.

After considering the plaintiff's evidence, the trial court ruled that the two-year statute of limitations applied and found that the evidence plaintiff presented to support his assertion of insanity did "not rise to the level of proof envisioned by the legislature to toll the statute by insanity." Plaintiff's motion for reconsideration was denied.

Plaintiff appealed by right to the Court of Appeals. The Court of Appeals, in an unpublished per curiam opinion, found that defendant Miller, the funeral director, is a member of a state-licensed profession, that the suit was for malpractice, and that the limitation period is two years. However, the Court also found that the plaintiff raised an issue of fact as to whether his alleged insanity tolled the statute of limitations. The Court of Appeals reversed the trial court's decision and remanded the case to the circuit court for further proceedings.

Plaintiff applied to this Court for leave to appeal. In an order issued October 22, 1986, the Court granted leave to appeal, 426 Mich 865 (1986).

II

We first must decide whether the two-year period of limitation provided in MCL 600.5805(4); MSA 27A.5805(4) applies to the defendants.

The Revised Judicature Act of 1961 provides the periods of limitation for tort actions. MCL 600.5805; MSA 27A.5805 provides in pertinent part:

(1) A person shall not bring or maintain an

action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

\* \* \*

(4) . . . [T]he period of limitations is 2 years for an action charging malpractice.

\* \* \*

(8) The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property.

"Malpractice" is not defined in the Revised Judicature Act.

As the Court observed in *Sam v Balardo,* 411 Mich 405, 424; 308 NW2d 142 (1981), "the definition of malpractice and liability therefor are to be determined by resort to the common law." Defendant cited no cases on point in this jurisdiction in which a common-law cause of action for funeral home malpractice or for a funeral home director's malpractice is recognized.[1] Actions alleging malpractice against funeral homes or funeral directors were not recognized at common law.

Since there was no common-law cause of action for funeral director or funeral home malpractice, we find no indication that the Legislature intended to include such actions within the meaning of malpractice as it is used in MCL 600.5805(4); MSA 27A.5805(4).

---

[1] We have found no relevant Michigan cases. In *Boydston v State,* 277 P2d 138, 142 (Okla, 1954), the state suspended a funeral director's license for three years after he was charged with "gross malpractice" under a state statute for allegedly soliciting patronage by mail. In dismissing the charges, the Supreme Court of Oklahoma stated: "When the Legislature specifically authorizes the Board to revoke a license for 'gross malpractice' that expression should be taken in its general and ordinary sense and meaning unless the statute authorizes some separate or specific definition thereof by the Board."

A rule of statutory construction provides that words employed by the Legislature derive their meaning from the common-law usage at the time the act was passed.[2] Since a malpractice action against a funeral home or funeral director was not recognized at the time the Legislature enacted the Judicature Act of 1915 and the Revised Judicature Act of 1961, as amended, we find no indication that the Legislature intended to include this cause of action within the meaning of the malpractice statute of limitations.

Amicus curiae argues that a mortician or funeral director, although required to be licensed by the state, is a member of a licensed occupation and not a licensed profession under the Occupational Code.[3] Defendant argues that funeral directing is a profession as that term is used in MCL 600.5838; MSA 27A.5838.[4]

While we agree that a funeral director or morti-

---

[2] *Sam, supra,* p 425; *People v Covelesky,* 217 Mich 90; 185 NW 770 (1921).

[3] 1980 PA 299.

[4] The statute provided in pertinent part:

(1) A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession, intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, X-ray technician, hospital, licensed health care facility, employee or agent of a hospital or licensed health care facility who is engaging in or otherwise assisting in medical care and treatment, or any other state licensed health professional, accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

The statute subsequently was amended by 1986 PA 178. The statute, MCL 600.5838(1); MSA 27A.5838(1), provides:

Except as otherwise provided in section 5838a, a claim based on the malpractice of a person who is, or holds himself or

cian is engaged in a profession, we do so for reasons different than those urged by defendant. The Occupational Code regulating the practice of mortuary science in this state, MCL 339.1801(a); MSA 18.425(1801)(a), provides:

> "Funeral establishment" means a place of business used in the care and preparation for burial or transportation of a dead human body, or a place where a person represents that the person is engaged in the profession of undertaking or the practice of mortuary science.

Since this statute is plain and unambiguous on its face[5] in referring to the "profession" of mortuary science, there is no room for further construction. However, defendant errs in relying upon the term "state licensed profession" which is used in MCL 600.5838; MSA 27A.5838. The accrual statute begins with the words "a claim based on the malpractice of . . . a member of a state licensed profession . . . ." However, the Legislature did not intend by that statute to state that every member of a state licensed profession is necessarily subject to malpractice and thereby covered by the two-year malpractice statute of limitations. See *Sam, supra,* p 421.[6]

---

herself out to be, a member of a state licensed profession accrues at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

[5] *Lansing v Lansing Twp,* 356 Mich 641; 97 NW2d 804 (1959).

[6] As the Court noted in *Sam, supra,* p 421, n 14:

> The [*Sam*] majority opinion in the Court of Appeals concluded that the amendment to this section, by providing a cause of action in malpractice against nurses, was a legislative response to this Court's decision in *Kambas* [v *St Joseph's*

Therefore, we find that a person engaged in mortuary science is practicing a profession,[7] but that that profession is not among those which the Legislature intended to be included within the malpractice statute of limitations, MCL 600.5805(4); MSA 27A.5805(4).

We also must decide whether the trial judge improperly granted accelerated judgment on the basis of the two-year statute of limitations where the complaint sounds in negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress.

The Revised Judicature Act of 1961, as amended, provides in MCL 600.5805(8); MSA 27A.5805(8):

> The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property.

In determining that the three-year limitation period controls, we find that this case involves an alleged injury to person or property within the meaning of § 5805(8). The provisions of this statute apply to traditional and primarily common-law

_Hosp,_ 389 Mich 249; 205 NW2d 431 (1973)]. While that may be so, we are more inclined to the view that this amendment is some evidence of the legislative intent that health care providers subject to liability for malpractice actions be not limited to physicians, surgeons or dentists. More importantly, however, it is clear that the amendment to § 5838 does not address itself to defining malpractice for purposes of the statute of limitations.

[7] As this Court stated in _Pennock v Fuller,_ 41 Mich 153, 155; 2 NW 176 (1879):

> Professional employment can only relate to some of those occupations universally classed as professions, the general duties and character of which the courts must be expected to understand judicially.

torts.[8] We find that the three-year period of limitations applies in this case and is the proper limitation period for this action.

Since we have decided that the three-year limitation period applies in this case, we need not decide the remaining issue, whether the trial judge erred in granting accelerated judgment when the complaint sounds in breach of contract,[9] nor do we address the plaintiff's claimed temporary insanity.

Therefore, we reverse the decision of the Court of Appeals regarding the two-year period of limita-

---

[8] See, generally, Jackson, *The Law of Cadavers* (New York: Prentice-Hall, Inc, 2d ed, 1950); Prosser & Keeton, Torts (5th ed), § 54, p 362.

Regarding the negligent mishandling of corpses, Prosser and Keeton state in their treatise:

> [T]he traditional rule has denied recovery for mere negligence, without circumstances of aggravation. There are by now, however, a series of cases allowing recovery for negligent embalming, negligent shipment, running over the body, and the like, without such circumstances of aggravation. What all of these cases appear to have in common is an especial likelihood of genuine and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious. [*Id.,* p 362.]

In addition to cases cited in the treatise, see *Allinger v Kell,* 102 Mich App 798; 302 NW2d 576 (1981), modified on appeal 411 Mich 1053; 309 NW2d 547 (1981). Also see 4 Restatement Torts, 2d, § 868, p 274.

> One who intentionally, recklessly or negligently removes, withholds, mutilates or operates upon the body of a dead person or prevents its proper interment or cremation is subject to liability to a member of the family of the deceased who is entitled to the disposition of the body.

Also, see Anno: *Civil liability of undertaker in connection with transportation, burial or safeguarding of body,* 53 ALR4th 360. The cases cited involved causes of action for contract or tort or both.

[9] In *Eidson v Johns-Ridout's Chapels, Inc,* unpublished opinion of the Supreme Court of Alabama, decided May 22, 1987 (No. 85-1269), the court decided that the plaintiffs' contract claim, based upon the defendant's alleged breach of promise to have a body properly prepared for viewing, was not time barred.

tion and remand this case to the trial court for further proceedings consistent with this opinion.

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, BOYLE, and GRIFFIN, JJ., concurred with ARCHER, J.