LOCAL 1064, RWDSU AFL-CIO v ERNST & YOUNG

Docket No. 133880. Submitted November 8, 1993, at Detroit. Decided April 4, 1994, at 9:45 A.M. Leave to appeal sought.

Local 1064, RWDSU AFL-CIO, brought an action in the Wayne Circuit Court against Ernst & Young, Rick Helvelhorst, Alphonse Lucarelli, and Joseph Galasso, alleging that the defendants had breached their contract to perform accounting services by failing to properly audit the plaintiff's records and obligations and that as a result the plaintiff was required to make increased payments to the Michigan Employment Security Commission. The court, Marvin R. Stempien, J., denied the defendants' motion for summary disposition based on the two-year period of limitation of MCL 600.5805(4); MSA 27A.5805(4) on the basis that the action was for pecuniary damages rather than for injuries to persons or property and was thus subject to the six-year period of limitation of MCL 600.5813; MSA 27A.5813. The defendants appealed by leave granted.

The Court of Appeals *held:*

1. The trial court erred in holding that § 5805 is never applicable to actions for injuries to financial expectations. Section 5805 is not limited to actions involving physical injury or physical damage to property. Accordingly, the trial court erred in denying the motion for summary disposition on the basis that § 5805 could not apply in this case.

2. The two-year period of limitation of § 5805(4) for actions charging malpractice is not applicable to all actions claiming negligence by a member of any state-licensed profession, but rather is applicable only to those actions brought against members of those professions for which an action for malpractice was recognized at the time of the adoption of the Judicature Act of 1915 or the Revised Judicature Act of 1961. Because an action for malpractice was not recognized with respect to accountants upon the adoption of either the Judicature Act or

REFERENCES

Am Jur 2d, Accountants § 21; Limitation of Actions §§ 102, 103, 105.

See ALR Index under Accountants; Limitations of Actions; Malpractice.

the Revised Judicature Act, the two-year period of limitation of § 5805(4) is not applicable in this case.

3. Because this action was commenced within three years of the date of its accrual, it is unnecessary to decide whether the appropriate period of limitation is the six-year period of § 5813 or § 5807(8), MCL 600.5807(8); MSA 27A.5807(8), or three-year period of § 5805(8), MCL 600.5805(8); MSA 27A.5805(8). In any event, the action would not be time-barred, and the denial of summary disposition pursuant to MCR 2.116(C)(7) would be appropriate.

Affirmed.

1. LIMITATION OF ACTIONS — INJURIES TO PERSONS OR PROPERTY — PECUNIARY LOSSES.

The statute of limitations for actions to recover damages for injuries to persons or property is not limited to causes of action involving physical injury or physical damage to property, but may apply to causes of action to recover pecuniary losses resulting from injuries to financial expectations (MCL 600.5805; MSA 27A.5805).

2. LIMITATION OF ACTIONS — MALPRACTICE — ACCOUNTANTS.

The two-year malpractice statute of limitation applies only to those actions that were recognized as constituting malpractice when the Judicature Act of 1915 or the Revised Judicature Act of 1961 was adopted; an action for malpractice with respect to accountants was not recognized in either 1915 or 1961 (MCL 600.5805[4]; MSA 27A.5805[4]).

*William Mazey,* for the plaintiff.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Lawrence G. Campbell* and *Brian K. Zahra*), and *Linda M. Beyer,* for the defendants.

Before: HOLBROOK, JR., P.J., and NEFF and J. F. KOWALSKI,* JJ.

NEFF, J. Plaintiff brought suit, alleging that defendants breached their contract to perform accounting services for plaintiff. Defendants moved for summary disposition pursuant to MCR 2.116(C)

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(7) on the ground that the action was character-
ized properly as malpractice and, therefore, was
barred by the two-year period of limitation set
forth in MCL 600.5805(4); MSA 27A.5805(4). On
the basis of its finding that the action was for
pecuniary damages, rather than for "injuries to
persons or property," the circuit court ruled that
§ 5805(4) did not apply. It found that the six-year
limitation period set forth in MCL 600.5813; MSA
27A.5813 applied and denied the motion. Defen-
dants appeal by leave granted from that ruling.[1]
We affirm.

I

According to the complaint, the accounting firm
of Arthur Young, now Ernst & Young,[2] was em-
ployed to examine records, to audit accounts, and
to see that required payments to governmental
agencies were made. In July 1988, plaintiff discov-
ered that its former bookkeeper had not prepared
and submitted reports required by the Michigan
Employment Security Commission for the years
1984 through 1988 inclusive. According to inter-
rogatory answers submitted by plaintiff, the MESC
sent notices to plaintiff, but plaintiff's former sec-
retary hid them. The MESC denied plaintiff permis-
sion to file corrected statements. Plaintiff appealed
that decision, and a hearing referee also denied

[1] Defendants also moved for summary disposition pursuant to MCR
2.116(C)(10), and that motion was also denied. However, that ruling is
not challenged on appeal.

[2] The complaint originally named the accounting firm as "Arthur
Young, a/k/a Arthur Young and Company." However, pursuant to
stipulation of the parties, the circuit court ordered that the name be
changed to "Ernst Young," the successor firm. That is apparently a
typographical error, because an affidavit from a partner in the
successor firm refers to that firm as "Ernst & Young." The spelling of
the names of defendants Hevelhorst and Galasso, members of the
accounting firm, also were changed pursuant to the stipulation and
order.

plaintiff such permission. As a result, the MESC assessed a contribution rate of ten percent of the estimated payroll for those years, a rate allegedly higher than plaintiff would have had to pay had the reports been filed timely. According to the complaint, the hearing referee's decision was based partly on the fact that defendants audited plaintiff's "records and obligations" during the pertinent period. Plaintiff's apparent but unstated contention is that defendants were liable for not discovering that the MESC reports were never submitted. Plaintiff sought recovery of the contribution paid.

II

As noted, defendants contended that plaintiff's suit was barred by the limitation period contained in subsection 4 of § 5805 of the Revised Judicature Act, which provides in pertinent part:

(1) A person shall not bring or maintain an action to recover damages *for injuries to persons or property* unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

* * *

(4) Except as otherwise provided in this chapter, the period of limitations is 2 years for an action charging malpractice. [Emphasis added.]

The trial court ruled that § 5805 did not apply because plaintiff sought damages only for financial loss, not for injury to persons or property. In support of that ruling, the trial court relied on *Bacco Construction Co v American Colloid Co,* 148 Mich App 397; 384 NW2d 427 (1986), in which a panel of this Court ruled that § 5805 applies only

to actions to recover damages for injuries to persons or property and not to actions for injuries to financial expectations. *Bacco,* p 410. However, in *Nat'l Sand, Inc v Nagel Construction, Inc,* 182 Mich App 327; 451 NW2d 618 (1990), a panel of this Court disagreed with the ruling in *Bacco,* setting up a conflict on the issue.[3] We now resolve that conflict in favor of the opinion in *Nat'l Sand,* which now becomes the controlling law regarding this issue under Administrative Order No. 1990-6, as extended by Administrative Order No. 1994-3.

The *Nat'l Sand* opinion extensively sets out the basis of the panel's disagreement with *Bacco,* and, thus, there is no need to reiterate it here. In a nutshell, the holding is that application of § 5805 is not limited to situations involving only physical injuries or physical damage to property. *Nat'l Sand,* p 335. As noted in *Nat'l Sand,* § 5805, by its terms, applies to several causes of action that rarely, if ever, involve a physical injury. *Nat'l Sand,* p 335, n 4. We agree with and adopt the reasoning and conclusion in *Nat'l Sand* concerning this issue. Therefore, we find that the trial court's ruling in the present case regarding the applicability of § 5805 to claims for financial loss was incorrect.

III

That conclusion, however, does not resolve the issue at hand. A question still remains concerning which statute of limitations applies. Defendants contend that the two-year limitation period for malpractice actions set forth in § 5805(4) applies to

---

[3] The panel in *Nat'l Sand* certified the conflict pursuant to Administrative Order No. 1984-2. However, in the absence of an application for leave to appeal, our Supreme Court declined to order further consideration of the question. 434 Mich 1214 (1990).

malpractice claims against accountants. We disagree.

In *Sam v Balardo,* 411 Mich 405; 308 NW2d 142 (1981), the defendant attorney argued that § 5805(4) applied to any action charging malpractice against a member of a state-licensed profession. That argument was based in part on § 5838 of the RJA, MCL 600.5838; MSA 27A.5838, which sets out the time of accrual of malpractice claims against "a person who is, or holds himself out to be, a member of a state licensed profession."

The Court stated that § 5838 pertains to accrual periods and does not define malpractice for the purpose of the two-year limitation period. *Sam,* p 421. The Court observed that the word "malpractice" is not defined in the RJA, and, so, it must resort to the common law for the definition. *Id.,* pp 419-424. Applying the rule that words used by the Legislature derive their meaning from the common-law usage at the time of the passage of the act, the Court concluded that because actions for legal malpractice were recognized at the time of the Judicature Act of 1915 and at the time of the RJA of 1961, a cause of action for legal malpractice is encompassed within the definition of malpractice in § 5805(4). *Sam,* pp 424-425.

The Court stated that it need not and was not deciding whether § 5805(4) applied to members of all state-licensed professions. *Sam,* p 420. However, in a unanimous opinion in a subsequent case involving a claim against a funeral home, the Court said that, although a funeral director or mortician is engaged in a profession, the Legislature did not intend that every member of a state-licensed profession be covered by the two-year malpractice period of limitation. *Dennis v Robbins Funeral Home,* 428 Mich 698, 704; 411 NW2d 156 (1987). On the basis of its ruling in *Sam,* the Court

held that because actions for malpractice against funeral homes or funeral directors were not recognized at common law, that profession was not among those that the Legislature intended to be included within § 5805(4). *Dennis,* p 705.

In *Nat'l Sand, supra,* pp 338-341, this Court also applied the rulings in *Sam* and *Dennis* to state that § 5805(4) apparently does not apply to a claim of professional misconduct against an engineer, because malpractice claims against engineers were not recognized at common law. As noted in *Nat'l Sand, supra,* p 338:

> "Malpractice" does generally refer to professional misconduct or lack of skill. See Black's Law Dictionary (5th ed), p 864. However, "malpractice" has a narrower definition for purposes of applying the two-year period of limitation under § 5805(4).

We have not found any cases before 1961, when the RJA was enacted, in which a common-law cause of action for malpractice against accountants was recognized. Accordingly, we find that § 5805(4) does not apply in the present case.

IV

Because the two-year limitation period in § 5805(4) does not apply in this case, the applicable period may be found in § 5805(8), § 5813, or § 5807(8), MCL 600.5807(8); MSA 27A.5807(8). Section 5805(8) provides for a three-year limitation period for "all other actions to recover damages . . . for injury to a person or property." Sections 5807(8) and 5813 each provide for a six-year limitation period, the former for "all other actions to recover damages or sums due for breach of contract" and the latter for "[a]ll other personal actions." However, it is not necessary that we

determine which of those three limitation periods applies because the complaint was brought within three years, the shortest of those periods. Further, defendants did not contend, either below or on appeal, that if a three-year period of limitation is applied, plaintiff's claim is barred.

Affirmed.